UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **ROBERT LATROY WHITE (#241145)** | CIVIL ACTION |
| **VERSUS** | |
| **JOE LAMARTINIERE, ASS'T WARDEN, ET AL.** | NO. 11-0215-JJB-CN |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, January 24, 2012.

MAGISTRATE JUDGE CHRISTINE NOLAND

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**ROBERT LATROY WHITE (#241145)**                          **CIVIL ACTION**

**VERSUS**

**JOE LAMARTINIERE, ASS'T WARDEN, ET AL.**                **NO. 11-0215-JJB-CN**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Ass't Warden Joe LaMartiniere, Ass't Warden Troy Poret, Ass't Warden Barr, and Major W. Richardson, alleging that the defendants violated his constitutional rights by assigning him to work as a "tier walker" between January and August, 2010, and by thereafter interfering with his access to the Courts in retaliation for administrative grievances which the plaintiff had filed against prison officials.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. A § 1915(e) dismissal may be made at any time, before or after service of process, and before or after an answer is filed. Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). In Bell Atl. Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and more recently, in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), the Supreme Court clarified the standard of pleading that a plaintiff must meet in order to state a claim upon which relief may be granted. Specifically, "[f]actual allegations must be enough to raise a right to relief above the

speculative level". Bell Atl. Corp. v. Twombly, supra. Although "detailed factual allegations" are not necessary, a plaintiff must furnish "more than labels and conclusions" or the "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, supra. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Id. It follows that, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n] – that the pleader is entitled to relief.'" Id. Where a Complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

In evaluating whether a Complaint states a claim upon which relief may be granted, the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Id. (citations omitted). Notwithstanding, the court need not accept "a legal conclusion couched as a factual allegation," or "naked assertions [of unlawful conduct] devoid of further factual enhancement." Id. (internal quotation marks omitted).

Applying this standard in the instant case, the Court concludes, as hereafter discussed, that the plaintiff's Complaint fails to state a claim upon which relief may be granted.

Initially, the Court notes that the plaintiff has named the defendants herein in both their individual and their official capacities. Section 1983, however, does not provide a federal forum for litigants who seek a remedy against state officials acting in their official capacities inasmuch as these parties are not seen to be persons under section 1983. Will v. Michigan Department of State Police, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). In Hafer v. Melo, 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991), the United States Supreme Court addressed the distinction between official capacity and individual capacity lawsuits and made clear that a suit against a state official in his official capacity for monetary damages is treated as a suit against the State and is therefore barred by the Eleventh Amendment. Accordingly, while the plaintiff's claim for monetary damages asserted against the defendants in their individual capacities remains viable, his claim against the defendants in their official capacities should be dismissed.

Turning to the plaintiff's claims asserted against the defendants in their individual capacities, he first complains that, between January and August, 2010, he was assigned to work as a "tier walker" at LSP, a job that required that he walk along the tier of his assigned cellblock(s) and observe the inmates in their cells in order to watch for signs of depression or suicidal ideation and to report same to security officers. The plaintiff complains, however, that state law and LSP regulations mandate that "[i]nmate supervision shall be conducted by trained Correctional Officers, and inmates shall never be placed in position of control or supervision over other inmates." Accordingly, the plaintiff asserts that his "supervision" of inmates on the cell tiers amounted to a violation of state law. In addition, the plaintiff asserts that inmates confined in the cellblocks were generally known to engage in conduct which

placed tier walkers and security officers at risk, specifically by spitting and throwing darts or bodily wastes and fluids. The plaintiff alleges that he was in fact spat upon by inmates confined in the cellblocks and was also threatened with harm by these inmates. The plaintiff also alleges that he was required to perform this work for eight (8) hours per day, without breaks, and he asserts that the absence of such breaks violated both state law and prison regulations. He further alleges that, when he sat down to rest on one occasion, he was issued a disciplinary report for having done so.

The plaintiff's allegations in this regard fail to amount to claims of constitutional dimension. First, with regard to his assertion that prison officials violated state law and regulations by assigning him to "supervise" or observe other inmates and by denying him an opportunity to take breaks while working, it is well-settled that the purpose of 42 U.S.C. § 1983 is to address the violation of rights secured by federal statutes or by the United States Constitution. Accordingly, the mere violation of a state law or regulation is not cognizable under § 1983. <u>Woodard v. Andrus</u>, 419 F.3d 348 (5th Cir. 2005); <u>Jackson v. Cain</u>, 864 F.2d 1235 (5th Cir. 1989). Further, the law is clear that an inmate may be required to work as part of his prison sentence, and it is only if the assigned work is beyond his abilities or is unduly painful or dangerous that he may complain of a constitutional violation. <u>Howard v. King</u>, 707 F.2d 215 (5th Cir. 1983). In the instant case, although the plaintiff seeks to assert that he faced a serious risk of danger to his health or safety because cellblock inmates were known to occasionally spit at tier walkers or throw darts or bodily wastes, this alone is an insufficient basis upon which to warrant a finding of liability. Moreover, the plaintiff has notably failed to allege that he himself suffered any injury

in fact as a result of his job as a tier walker between January and August, 2010. To the contrary, the most which he has alleged is that he was spat upon by co-inmates (on at least one occasion) and that he was threatened with harm on other occasions. In this regard, however, pursuant to 42 U.S.C. § 1997e(e), "[n]o Federal civil action may be brought by a prisoner confined in a ... correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." Accordingly, in light of the plaintiff's failure to allege any physical injury to support a claim for monetary damages in connection with this claim, and in light of the fact that he admits in his Complaint that he was has not worked as a tier walker since August 16, 2010, these claims must be dismissed as being without constitutional merit.

In addition, the plaintiff complains that when he took an unauthorized break from his job assignment on one occasion, he was issued a disciplinary violation for having done so. The mere fact, however, that the plaintiff may have been charged or punished in connection with a wrongful disciplinary report does not amount to a constitutional violation unless the punishment imposed against him subjected him to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. <u>Sandin v. Conner</u>, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). The plaintiff has alleged no such deprivation. Accordingly, there is no basis for a finding of liability in connection with this claim.

The plaintiff next alleges that he was transferred to protective custody in August, 2010, and he was not allowed to retain all of his legal work. Although he allegedly requested access to these materials

and notified the defendants of an upcoming deadline in a pending court proceeding, the defendants failed to accede to his demands. As a result, according to the plaintiff, the pending action was dismissed "for failure to prosecute."

A substantive right of access to the courts has long been recognized. Bounds v. Smith, 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977). Access to the courts is incorporated into the First Amendment's right to petition the government for redress of grievances. Wilson v. Thompson, 593 F.2d 1375 (5th Cir. 1979). In its most obvious and formal manifestation, this right protects an inmate's physical access to the courts. Thus, for example, prison officials may not block or refuse to transmit, through procedural devices, the transmission of legal documents which prisoners wish to send to the courts. Nor can they take other actions -- such as confiscating or destroying legal papers -- that would have a similar effect. Crowder v. Sinyard, 884 F.2d 804 (5th Cir. 1989), cert. denied, 496 U.S. 924, 110 S.Ct. 2617, 110 L.Ed.2d 638 (1990). The right of access to the courts, however, "guarantees no particular methodology but rather the conferral of a capability - the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." Lewis v. Casey, 511 U.S. 1066, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). An inmate's right to complain, moreover, is limited to the making of non-frivolous complaints involving the assertion of legitimate constitutional rights, Johnson v. Rodriquez, 110 F.3d 299 (5th Cir. 1997). Moreover, in order to prevail on a claim of the denial of meaningful access to the courts, the law is clear that some showing of actual detriment caused by the challenged conduct must be made. Crowder, supra, citing Howland v. Kilquist, 833 F.2d 639 (7th Cir. 1987).

In the instant case, the plaintiff attempts to show prejudice resulting from the defendants' actions by asserting that an unspecified pending court proceeding was dismissed "for failure to prosecute." This contention, however, is entirely conclusory and is supported by no factual development whatever. Specifically, the plaintiff fails to state the non-frivolous nature of the pending court proceeding, the venue in which it was filed, the nature of the deadline which he allegedly faced, the nature of any legal materials which he needed to prepare therefor, or why those materials were in fact needed to meet the upcoming deadline. A search of pertinent court records by this Court reflects that the plaintiff apparently had a pending lawsuit in 2010 in the United States District Court for the Eastern District of Louisiana, Robert LaTroy White v. St. Tammany Parish Jail, et al., Civil Action No. 08-1335-KWR.[1] That lawsuit was apparently dismissed on motion for summary judgment in May, 2010, and the plaintiff filed a Notice of Appeal in that proceeding in June, 2010, both prior to the alleged deprivation of his legal materials in this case. While it appears that the appeal in that case was thereafter dismissed on September 9, 2010, "for want of prosecution" – which was at or around the time that the plaintiff was allegedly deprived of his legal materials – it appears from the Court records that the appeal was thereafter reinstated. The plaintiff, therefore, is unable to show any prejudice resulting from the reinstated dismissal in that proceeding. Nor is this Court aware of any other judicial proceedings which the plaintiff had pending during the relevant time period. Accordingly, in the absence of any factual allegations reflecting the non-frivolous nature of the

---

[1] The Court hereby takes judicial notice of the court record in Robert LaTroy White v. St. Tammany Parish Jail, et al., Civil Action No. 08-1335-KWR (E.D. La.).

plaintiff's pending litigation or reflecting any prejudice or detriment suffered by him as a result of the defendants' alleged wrongful conduct, the plaintiff has failed to state a claim of the violation of his constitutional rights in this regard.

Finally, the plaintiff asserts that the defendants' failure to provide him with his requested legal materials was motivated by retaliatory animus in response to his filing of administrative grievances against prison officials. In this regard, the law is clear that the taking of action against an inmate because of the inmate's exercise of his constitutional rights is itself a violation of the inmate's constitutional rights. Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.), opinion amended in part and vacated in part, 688 F.2d 266 (1982), cert. denied, 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983); Gibbs v. King, 779 F.2d 1040 (5th Cir.), cert. denied, 476 U.S. 1117, 106 S.Ct. 1975, 90 L.Ed.2d 659 (1986). Specifically, prison officials are not allowed to retaliate against an inmate because of the inmate's exercise of his First Amendment right to complain to supervisory officials about the alleged wrongful conduct of prison security officers. Id. However, inasmuch as claims of retaliation are not favored, it is the plaintiff's burden to provide more than mere conclusory allegations of retaliation:

> To state a claim of retaliation an inmate must ... be prepared to establish that but for the retaliatory motive the complained of incident ... would not have occurred. This places a significant burden on the inmate.... The inmate must produce direct evidence
>
> of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred.

Woods v. Smith, supra, 60 F.3d. at 1166.

The plaintiff's allegations of retaliation in this case are wholly conclusory. The plaintiff states only his subjective belief that the

actions of the defendants were taken because he had filed administrative grievances against prison officials. Nor does he provide a chronology of events from which a retaliatory motive may be inferred. All that he states in this regard is that he was told that it would be in his "best interest" to drop one of his grievances. This allegation does not plausibly suggest that the defendants' conduct was motivated by retaliatory animus. To the contrary, the plaintiff acknowledges in his Complaint that he was told by an unnamed security official that the reason he could not retain all of his legal materials was because "he had too much". This claim, therefore, is not supported by factual allegations in the record and is subject to dismissal as well.[2]

## RECOMMENDATION

It is recommended that the plaintiff's action be dismissed for failure to state a claim upon which relief may be granted within the meaning of 28 U.S.C. § 1915(e).[3]

Signed in chambers in Baton Rouge, Louisiana, January 24, 2012.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[2] In a proposed amended Complaint, see rec.doc.no. 12, the plaintiff provides an exhaustive factual recitation of a series of administrative grievances which he allegedly filed relative to the claims asserted in this proceeding. There is nothing in this recitation, however, which suggests that the failure of prison officials to allow him to retain his legal materials in protective custody was motivated by retaliatory animus.

[3] Note that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."