UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

ROBERT LATROY WHITE                CIVIL ACTION

VERSUS

JOE LAMARTIMIERE, ET AL.            NO.: 11-CV-00215-BAJ-EWD

## ORDER

Before the Court is Robert L. White's ("Plaintiff") **Motion for Status Hearing to Review of (sic) Funds Collected, in that the Amount Collected has Exceed (sic) the Amount Permitted (Doc. 36)**. For the reasons stated below, the Court DENIES Plaintiff's motion.

## I. BACKGROUND

Plaintiff originally filed a complaint against Joe Lamartimiere, Troy Poret, "Unknown Barr," and "W. Richardson" ("Defendants") for Eighth Amendment violations involving Defendants allegedly forcing Plaintiff to be a "tier-walker" for prisoners at high risk of suicide, at great personal risk to Plaintiff. (Doc. 1). Plaintiff also alleged that Defendants refused to allow him to access certain materials necessary for him to file an unrelated claim, causing said claim to be dismissed. (Id.).

Plaintiff filed a motion to proceed in forma pauperis on March 31, 2011 (Doc. 2), which was granted on April 12, 2011 (Doc. 3). On January 24, 2012, the Magistrate Judge entered a Report and Recommendation dismissing Plaintiff's claims for failure to state a claim pursuant to 28 U.S.C. § 1915(e). (Doc. 20). The Court

adopted the Report and Recommendation on February 16, 2016, and dismissed Plaintiff's case that same day. (Docs. 23 and 24). Plaintiff filed a notice of appeal of the Court's ruling dismissing his case. (Doc. 26). On March 29, 2012, the Court ordered Plaintiff to either submit the full $455.00 cost of the appellate filing fee, or a properly completed motion to proceed *in forma pauperis*. (Doc. 27). On April 24, 2012, Plaintiff filed his motion to proceed *in forma pauperis* on appeal (Doc. 28), which was denied on April 25, 2012. Plaintiff, nonetheless, continued to attempt to pursue an appeal, and the United States Court of Appeals for the Fifth Circuit dismissed the appeal for lack of jurisdiction. (Doc. 33). Plaintiff now requests that the Court set a hearing to discuss his allegations that the Department of Corrections has removed an impermissible amount of money from his prison account in violation of his right to due process. (Doc. 34 at p. 1.). Plaintiff further requests that all records pertaining to funds being removed from his prison account be released to him. (Id.). Defendants have not responded to Plaintiff's motion.

## II. DISCUSSION

Plaintiff's one-page motion is unfocused and vague. Plaintiff contends that the amount ordered to be collected by the Louisiana State Penitentiary is in excess of that which is authorized by applicable law. (Id.). Plaintiff quotes 28 U.S.C. § 1915(b)(1)(3)[1] which provides:

> "In no event shall the filing fee collected exceed the amount of fees permitted by statute for the commencement of a civil action or an appeal of a civil action or criminal judgment."

---

[1] Plaintiff incorrectly refers to this portion of the statute as 28 U.S.C. § 1915(3).

2

Plaintiff alleges that the fees taken from his prison account exceed the statutory mandated amount, although he does not specify how much has been taken, or how much should have been taken. (Id.). Plaintiff's sparse motion only contains base allegations without even a modicum of evidence to support his contentions.

The Court gleans from Plaintiff's motion that Plaintiff is under the impression that because he was allowed to proceed *in forma pauperis* in the District Court action, that he could not be assessed any filing fees at all. However, Plaintiff chose to appeal this matter to the Fifth Circuit, yet this Court certified in writing that the appeal is not taken in good faith. (Doc. 29 at p. 1). The Fifth Circuit, therefore, applied 28 U.S.C. § 1915(a)(1)(3), which provides that "an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith." Therefore, as Plaintiff continued his appeal, despite being unable to do so *in forma pauperis* pursuant to 28 U.S.C. § 1915(a)(1)(3), Plaintiff is required to pay the filing fee associated with his appeal.

There being no legal basis to support Plaintiff's claims, or any facts that can coalesce into a cognizable cause of action, the Court denies Plaintiff's motion.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion for Status Hearing to Review of (sic) Funds Collected, in that the Amount Collected has Exceed (sic) the Amount Permitted (Doc. 36) is DENIED.**

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED AS MOOT**.

Baton Rouge, Louisiana, this 12th day of February, 2019.

*[signature]*
**JUDGE BRIAN A. JACKSON
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**